IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DENNIS MERRIMON WATERS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:11cv00558 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER ZYCH, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Dennis Merrimon Waters, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Waters claims that he was denied due process. Upon review of the petition, the court concludes that Waters has failed to demonstrate entitlement to relief under § 2241 and, therefore, dismisses his petition.

I.

On October 17, 2002, after a jury trial in the Western District of North Carolina, the court entered judgment convicting Waters of conspiring to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Waters appealed and the United States Court of Appeals for the Fourth Circuit denied his appeal. See United States v. Pryor, 75 F. App'x 157 (4th Cir. 2003). Waters did not file a petition for writ of certiorari to the Supreme Court of the United States. Thereafter, Waters challenged the legality of his conviction and sentence in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed in the Western District of North Carolina. See Waters v. United States, No. 1:04cv51 (W.D.N.C.). The court denied his motion on July 29, 2005. Waters appealed and the United States Court of Appeals for the Fourth Circuit denied his appeal. See Waters v. United States, No. 06-7401 (4th Cir. 2007).

In his instant habeas petition, Waters argues that he was denied due process because his prior convictions that were used to establish his career offender status during sentence calculations "no longer qualify as felonies."

## II.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence,[1] unless a motion pursuant to § 2255 is "inadequate and ineffective" for those purposes.  In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).  A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review.  Id.  Waters' petition does not indicate any respect in which his case meets the standard under In re Jones so as to qualify for consideration under § 2241.  Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal."  This statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines.  United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.");

---

[1]  See United States v. Little, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (citing 28 U.S.C. § 2241(a)).

2

see also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34).  Clearly there has been no change in the law making it now legal to conspire to possess with the intent to distribute cocaine base.  Accordingly, the court finds that Waters fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction, and his claims cannot be addressed under § 2241.[2]

### III.

For the reasons stated herein, the court dismisses Waters' petition.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER**: This 30th day of November, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] The court declines to construe Waters' petition as a § 2255 motion.  First, § 2255 motions must be brought in the court which imposed the sentence.  See 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 378 (1977).  Second, Waters has already filed a § 2255 motion in the Western District of North Carolina.  See Civil Action No. 1:04cv51 (W.D.N.C.).  In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals.  See § 2255(h).  Because Waters has not demonstrated that the United States Court of Appeals for the Fourth Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims.  Accordingly, the court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy.  Therefore, this court declines to construe and transfer Waters' petition.